JUN 0 8 2004

# FILED

2004 JUN 15 ₽ 1: 12

U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT** RT. CONN

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DAVID S. KROMHOUT, | : | **CIVIL NO. 3:01 CV 1636 (SRU)** |
| Plaintiff | : | |
| VS. | : | |
| | : | |
| RICK R. SMOLICZ, | : | |
| MICHAEL PURCARO | : | |
| BART DEELEY | : | |
| TOWN OF NAUGATUCK. | : | |
| Defendants : | : | **JUNE 4, 2004** |

<u>**LOCAL RULE 56(A)2 STATEMENT**</u>

**I.    PLAINTIFF'S RESPONSE TO DEFENDANT RICK SMOLICZ'S LOCAL RULE 56(A)1 STATEMENT.**

Pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut, the plaintiff hereby responds to defendant Rick R. Smolicz's Local Rule 56(A)1 Statement as follows:

1.    So much of paragraph 1 of the defendant's Rule 56(A)1 statement as states "[o]n September 23, 1999, Cynthia Jaschinsky gave a written statement to Officer Michael Purcaro of the Naugatuck Police Department" is admitted.  As for the remainder of that paragraph, the plaintiff respectfully submits that the statement speaks for itself.

2.    So much of paragraph 2 of the defendant's Rule 56(A)1 statement as states "[o]n September 23, 1999, Officer Purcaro completed a police report based upon Cynthia Jaschinsky's statement" is admitted.  As for the portion of that paragraph which purports to paraphrase and summarize the contents of that report, the plaintiff respectfully submits that the report speaks for itself.  The plaintiff admits that the document bears the signature of "Rick Smolicz" and that Rick Smolicz was a sergeant with the Naugatuck Police Department on September 23, 1999, but does not admit the authenticity of that signature.  The plaintiff admits that the report states that Sergeant Smolicz "took photographs of the bruises that Ms. Jaschinsky reported she had suffered during her assault by the plaintiff."  The plaintiff denies the allegations made by Ms. Jaschinsky, as stated in that report.  T. Deposition of David Kromhout, August 13, 2002 at 117-130.

3.    The plaintiff admits that Sergeant Smolicz claims to have "entered the plaintiff's name into the NCIC computer [subsequent to receiving Ms. Jaschinsky's statement]", thereby revealing "that the plaintiff was considered armed and dangerous and was wanted in New York for parole violations."  The plaintiff denies the truth of this claim.  T. Deposition of David Kromhout, Id. at 148,162-165, 184-185, 189.

2

4.    The plaintiff admits that defendant Smolicz has stated, both in his report of September 23, 1999 and his deposition of September 12, 2002, that "[u]pon further investigation, [he] also discovered that on November 2, 1998, the plaintiff's New York parole officer, George Benjes, had reported the plaintiff 'to be extremely violent with police officers . . . " The plaintiff denies the truth of that statement. Id.

5.    The plaintiff admits that the defendants claim that "[l]ater in the day on September 23, 1999, the police received a complaint from Carmella Liguori's mother that the plaintiff had assaulted Ms. Liguouri." The plaintiff denies this claim. Id. at 61.

6.    The plaintiff lacks information sufficient to enable him to either admit or deny what the defendants did in response to any complaints that were allegedly made about him to the Naugatuck Police Department on September 23, 1999. Furthermore, he is unable to comment on "what the defendants believed."

7.    So much of paragraph 7 as states "[o]n the evening of September 23, 1999, Sgt. Smolicz, Officer Purcaro, Officer Deeley and Officer Marc O'Mara went to Ms. Liguori's home at 48 Washington Street, Naugatuck" is admitted. The plaintiff further admits that the defendants claim to have gone to that place at that time to look for the him and that, in doing so, "established a perimeter around the residence . . . "

3

However, the plaintiff lacks information sufficient to enable him to either admit or deny

the truth of these facts.

8.    The plaintiff admits that someone knocked on the door to the first floor

apartment of 48 Washington Street, Naugatuck, Connecticut on the night of September

23, 1999.  He does not know whether that person was Sergeant Smolicz.  The

remainder of paragraph 8 is denied.  Id. at 132, 159, 166, T. Suppression Hearing,

June 19, 2000 at 45.  Furthermore, the plaintiff is unable to comment on what Sergeant

Smolicz "believed."

9.    The plaintiff is unable to comment on how he appeared to others at that

time and place.  Otherwise, paragraph 9 is denied.  Id. at 98-104.

10.    The plaintiff denies that he was attempting to get away from the police

because he was in violation of his parole.  Id. at 105-107.  The remainder of paragraph

10 is admitted.

11.    Paragraph 11 is admitted.

12.    Paragraph 12 is admitted.

13.    The plaintiff lacks sufficient information to enable him to either admit or

deny that "the police in the apartment spoke with the officers who had been stationed

4

outside the back of the apartment and were told that the plaintiff had not exited" and

that "the officers conducted a cursory search of the apartment."  The plaintiff admits

that the officers in the apartment shouted for him to come out of hiding but did not find

him.

      14.    The plaintiff cannot comment on what the defendant believed.  The

plaintiff denies that Ms. Liguori "whispered to Sgt. Smolicz, 'If he hears me tell you yes,

he'll kill me, just get him out of here.'"  T. Suppression Hearing, June 19, 2000 at 45-46.

      15.    The plaintiff does not know the "conversation" to which the defendant

refers in ¶15.  While the plaintiff admits that Officer Deeley and K9 Argo came into the

apartment, he can neither admit nor deny that they were commanded to go there by

Sergeant Smolicz.  The plaintiff lacks sufficient information to enable him to either

admit or deny that Sergeant Smolicz "informed Officer Deeley that the plaintiff was

armed with a knife."  The plaintiff denies that he was armed with a knife at that time and

place.  Id. at 46-48, 57, 69, 73.

      16.    Paragraph 16 is admitted.

      17.    The plaintiff admits that this is Sergeant Smolicz's deposition testimony.

He can neither admit nor deny the truth of these statements.

18.    The plaintiff respectfully submits that the document, attached to the defendant's Local Rule 56(A)2 Statement as Exhibit J, speaks for itself.

19.    The plaintiff respectfully submits that the document, attached to the defendant's Local Rule 56(A)2 Statement as Exhibit J, speaks for itself.  As for the remainder of that paragraph, the plaintiff denies that it is an accurate paraphrase of the matter excerpted from Exhibit J.

20.    The plaintiff admits so much of paragraph 20 as states "Sgt. Smolicz was not a member of the Canine Unit."  The remainder of paragraph 20 is denied. Naugatuck Police Departmental Order #GO-90-17 ("Canine Unit), p. 3, ¶5.

21.    The plaintiff respectfully submits that the departmental policy speaks for itself.

22.    Paragraph 22 is admitted.

23.    The plaintiff respectfully submits that the departmental policy speaks for itself.

24.    Paragraph 24 is admitted.

25.    The plaintiff respectfully submits that the departmental policy speaks for itself.

26.     Paragraph 26 is admitted.

27.     The plaintiff respectfully submits that the departmental policy speaks for itself.  As for the remainder of paragraph 27, the plaintiff lacks information sufficient to enable him to either admit or deny these facts.

28.     Paragraph 28 is admitted.

29.     Paragraph 29 is denied.  T. Deposition of David Kromhout, August 13, 2002 at 133-143, 191-192.

30.     The plaintiff admits that Argo's bites, at first, "weren't deep, gouging bites" and were "just like hard nips that broke the skin."  He denies the suggestion, made by this paragraph, that the attack was benign and asserts that the attack became increasingly vicious.  He admits that "[when Argo clamped [onto] the plaintiff's thigh . . . [he] grabbed Argo's snout with both hands and fought him off."  He denies that he was successful in doing so.  Id. at  139-144.

31.     The plaintiff admits that this is Officer Deeley's testimony.  He cannot comment on the truth of what Officer Deeley heard or saw.

32.     Paragraph 32 is denied.

33.     Paragraph 33 is admitted.

7

34.    Paragraph 34 is denied. Id. at 132-147.

35.    The plaintiff cannot admit or deny what the officers claim to have seen and when they claim to have seen it. The plaintiff denies that he was "football tackled" by defendant Deeley. Id. at 135-146.

36.    The plaintiff admits that "K-9 officers such as Argo are trained to bite a suspect when there is an altercation with the canine's handler." The plaintiff denies that Officer Deeley "tackled" and "wrestled" with him but, instead, asserts that Officer Deeley kicked him in the head and struck him repeatedly in the head with his fists. Deposition of David Kromhout, August 13, 2002 at 135,139-140. The plaintiff admits that Argo continued to bite him as he was being kicked and punched by Officer Deeley.

37.    The plaintiff admits that this is Officer Deeley's testimony. He denies that "Officer Deeley ordered Argo to withdraw immediately upon securing one of [his] wrists in handcuffs" and asserts, to the contrary, that Argo was permitted to continue to bite him even after he was placed in handcuffs. Id. at 142, 144. He denies that [the September 23, 1999 incident involving the plaintiff was the only time that Argo had bitten an individual in more than one spot." Plaintiff's Exhibits A, B, C, D.

8

38.    The plaintiff denies that "[the entire incident involving Argo and the plaintiff lasted no more than ten-to-fifteen seconds and asserts that, contrary to Officer Deeley's testimony, it did not happen "in the blink of an eye." T. Deposition of David Kromhout, infra at 132-147.

39.    The plaintiff admits that the statement "[the plaintiff was the first individual that Sgt. Smolicz had seen resist a canine rather than quickly surrender" is an accurate paraphrase of Sergeant Smolicz's deposition testimony. The plaintiff is unable to admit or deny the truth of what Sergeant Smolicz had seen. The plaintiff denies that Argo sustained any injuries that were causally related to the events of September 23, 1999 described in the complaint.

40    Paragraph 40 is admitted.

41.    The plaintiff admits that the language cited in this paragraph is contained in the Naugatuck Police Department's canine policy. Otherwise, the defendant's statement is argumentative, not factual, and, as such, not appropriate matter for the Local Rule 56(A)1 statement.

42.    The plaintiff admits that the language cited in this paragraph is contained in the Naugatuck Police Department's canine policy. The plaintiff is unable to admit or

9

deny the remainder of paragraph 42 as it necessarily raises issues of fact, e.g. Did Sgt. Smolicz maintain a safe distance from Argo? Did. Sgt. Smolicz's conduct at that time and place accord with the department's canine policy? Did Smolicz condone the violation of Mr. Kromhout's civil rights by failing to intervene on Mr. Kromhout's behalf when Officer Deeley failed to promptly command Argo to withdraw?

43.    The plaintiff admits that Sgt. Smolicz was standing nearby as he was being bitten by Argo and struck by Officer Deeley. He is unable to admit or deny Sgt. Smolicz's claim about his approximate distance from Officer Deeley, Argo, and the plaintiff at any particular time.

44.    Paragraph 44 is admitted.

45.    The plaintiff admits that Officer Deeley has testified that he handcuffed him with the assistance of Officer Purcaro. He is unable to admit or deny the truth of this statement. See T. Deposition of David Kromhout, infra at 142. In contrast to Officer Deeley's testimony, Officer Marc O'Mara has testified that he assisted Officer Deeley restrain the plaintiff. T. Deposition of Marc O'Mara, January 7, 2003 at 73. As for the phrase "[when the plaintiff finally surrendered", the plaintiff submits that it is subjective, argumentative, and raises issues of fact such that it is not appropriate

10

matter for the Local Rule 56(A)1 statement.

46.    Paragraph 46 is admitted.

47.    Paragraph 47 is admitted.

48.    Paragraph 48 is denied. Id. at 142-144, 150.

49.    The plaintiff submits that the record of his treatment at St. Mary's Hospital
on September 23, 1999 speaks for itself.

50.    The plaintiff denies that he had no trauma to the head as a result of the
events of September 23, 1999.  Id. at 187.   He admits that he had no trauma to the
torso and had no broken bones, fractures or dislocations as a result of those events.
He denies that his only medical complaint was a dog bite.  Plaintiff's Exhibit E, T.
Deposition of Father Lawrence LeClaire, .

51.    The term "physically assaulted" calls for a legal conclusion and, as such,
is not appropriate matter for the Local Rule 56(A)1 statement.  Otherwise the plaintiff
admits, consistently with his deposition testimony, that he had an argument with
Carmela Liguori on September 23, 1999 at his workplace during which he "told her to
leave the shop" and to "Get the hell out of here"; that she turned around to walk away,
at which point he "kicked her in the ass"; but that the "kick in the ass" was "not very

11

hard at all. Not hard enough to leave a bruise or anything like that [but] more of the gesture than anything else." T. Deposition of David Kromhout, August 13, 2002 at 72.

52.     Paragraph 52 is admitted.

53.     Paragraph 53 is admitted.

54.     Paragraph 54 is admitted.

55.     Paragraph 55 is admitted.

## II.    DISPUTED ISSUES OF MATERIAL FACT.

1.     Whether defendant Smolicz failed to intervene on behalf of the plaintiff to prevent Officer Deeley and others from violating his civil rights.

2.     Whether defendant Smolicz conspired with one or more of his co-defendants to violate his fourth amendment right against unreasonable searches and seizures.

3.     Whether the plaintiff's injuries and losses were proximately caused by the defendant's violation of his civil rights.

4.     Whether the findings of the court on the defendant's Motion to Suppress in the matter of State of Connecticut vs. David Kromhout, Docket No. 28087 should be given preclusive effect in this case.

12

THE PLAINTIFF,

BY: _____

STEVEN D. JACOBS, ESQ.
JACOBS, JACOBS & SHANNON, P.C.
265 ORANGE STREET
NEW HAVEN, CT 06510
(203) 562-6111
JURIS NO. 28927

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 26th day of May, 2004 to: Attorney Michael McKeon, Sullivan, Schoen, Campane & Connon, LLC, 646 Prospect Street, Hartford, CT 06105-4286, and Attorney James Tallberg, Updike, Kelly & Spellacy, One State Street, Hartford, CT 06103.

_____

STEVEN D. JACOBS

13