FILED

2004 JUL 14  A 11: 57

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID S. KROMHOUT, | : | CIVIL NO. 3:01 CV 1636 (SRU) |
|     Plaintiff | : | |
| VS. | : | |
| | : | |
| RICK R. SMOLICZ, | : | |
| MICHAEL PURCARO | : | |
| BART DEELEY | : | |
| TOWN OF NAUGATUCK. | : | |
|     Defendants | : | JULY 13, 2004 |

### PLAINTIFF'S RESPONSE TO REPLY BRIEF OF DEFENDANTS
### MICHAEL PURCARO, BART DEELEY, AND BOROUGH OF NAUGATUCK

The parties agree that certain things have been said and that certain allegations have been made, e.g. that Cynthia Jaschinsky reported to the Naugatuck Police Department on September 23, 1999 that David Kromhout had touched her without her authority and that defendant Deeley testified that defendant Smolicz had told him that Mr. Kromhout was "armed and dangerous." That does not mean, however, that the parties agree that these statements and allegations are true. To the contrary, the parties disagree about the essential truths of this case. Those essential truths can become evident only through the prism of trial.

Credibility is everything in this case, as in most excessive force cases. The defendants claim that Mr. Kromhout, as he lay on his back struggling to protect himself from the jaws of Argo, posed a continuing threat to them. Mr. Kromhout, to the contrary, states that he was not at any time aggressive toward the defendants and, indeed, could not have been considering his attempt at self-preservation. Mr. Kromhout states that his face was pummeled by defendant Deeley. Defendant Deeley, on the other hand, denies having done so and points to the St. Mary's Hospital Emergency Record and the deposition of Dr. Coutoure as corroborating evidence. Mr. Kromhout's account is corroborated by the testimony of Father LeClaire and the photographs taken of him by the arresting officers themselves in the hours and days immediately following the event. And then there is the condition of Argo. Poor old Argo. Defendant Deeley claims that he was brutally assaulted by Mr. Kromhout and, as a result, required extensive endodontic work. However, the record of Middlebury Animal Hospital Associates, LLC, received by plaintiff's counsel on July 9, 2004, reveals that Argo presented there on September 24, 1999 complaining (through his handler, of course) of a partially chipped lower right canine tooth after having had a bureau fall on him. Exhibit L. Conspicuously missing from the record of that office visit is a history of having been struck repeatedly and mouth – the apocryphal account

described by defendant Deeley at his deposition.

This court may not weigh in on the credibility of the witnesses. <u>Hayes v. New York City Department of Correction</u>, 84 F.3d 614, 619 (2d Cir.1996). That is solely a matter for the jury.

Given the conflicting evidence and the need to have credibility issues decided by the jury, the defendants' Motion for Summary Judgment should properly be denied.

THE PLAINTIFF

BY: _____
STEVEN D. JACOBS, ESQ.
JACOBS, JACOBS & SHANNON, P.C.
265 ORANGE STREET
NEW HAVEN, CT 06510
(203) 562-6111
JURIS NO. 28927

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, this 13th day of July, 2004 to: Attorney Michael McKeon, Sullivan, Schoen, Campane & Connon, LLC, 646 Prospect Street, Hartford, CT 06105-4286, and Attorney James Tallberg, Updike, Kelly & Spellacy, One State Street, Hartford, CT 06103.

_____
STEVEN D. JACOBS